# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL McCAW,<br><br>              Petitioner,<br><br>     v.<br><br>THE PEOPLE,<br><br>              Respondent. | **Case No. CV 16-05527 PSG (RAO)**<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

On July 28, 2016, the United States Magistrate Judge issued a Report and Recommendation ("Report"), recommending that the Petition for Writ of Habeas Corpus filed by Petitioner Michael McCaw ("Petitioner") be denied and this action be dismissed without prejudice on abstention grounds because state proceedings are ongoing. Petitioner filed objections to the Report on August 11, 2016. This Court has reviewed, *de novo*, the portions of the Report to which Petitioner objected and, for the reasons stated below, finds that no amendment to the Report is warranted.

Petitioner attacks his conviction, which has been affirmed by the state courts. The length of Petitioner's sentence, however, remains unsettled. On July 12, 2016, the California Court of Appeal remanded the action to the trial court for a third time "for a jury trial on the truth of . . . prior conviction allegations" used to enhance the sentence originally imposed. *See People v. McCaw*, 203 Cal. Rptr. 3d 914, 926 (Ct.

App. 2016); Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of other court records). Thus, the question is whether the Court should consider Petitioner's arguments attacking his conviction while state court proceedings are ongoing concerning the length of his sentence.

Federal courts generally do not intervene in ongoing state court proceedings absent extraordinary circumstances, where the risk of irreparable harm is both great and immediate. *See Younger v. Harris* 401 U.S. 37, 45–46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982) (federal courts abstain if a state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords an adequate opportunity to raise any constitutional claims). However, *Younger* abstention can be overcome in certain circumstances.

In *Phillips v. Vasquez*, 56 F.3d 1030 (9th Cir. 1995), the Ninth Circuit considered whether *Younger* abstention was warranted where a habeas petitioner's capital conviction was final but his sentence was still being appealed 15 years after his conviction, and held that, given the "extraordinary delay," the petitioner could "bring his habeas petition regarding the constitutionality of his conviction despite the fact that the state ha[d] not yet made a final ruling on his sentence." *Id.* at 1032-33. The court reasoned that "[t]he state has already adjudicated [petitioner's] guilt, its decision in that regard is final, and [petitioner] seeks nothing more than federal review of that decision. The ongoing state proceeding involves sentencing only, and the state is free to continue with its sentencing determination." *Id.* at 1033.

Three years later, however, confronted with similar factual circumstances in a capital case in *Edelbacher v. Calderon*, 160 F.3d 582 (9th Cir. 1998), the Ninth Circuit affirmed a district court's abstention and characterized *Phillips* as a narrow holding that turned on the "unreasonably long delay" in the capital appeals process:

///

> The narrow holding in *Phillips* does not control this case. When there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action. . . . The delay in this case was not extreme, unusual or attributable to the ineffectiveness of the state courts. It differs from that in *Phillips* and is insufficient to constitute grounds for immediate federal review, particularly in light of the longstanding principles underlying the Supreme Court decision in [*Younger*]. As *Younger* makes clear, our federal judiciary, "anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." . . . Under these circumstances, the principles of comity strongly suggest that the courts of California be given the opportunity to determine the proper sentence to be imposed upon the petitioner.

*See id.* at 582-83, 585-87 (citations omitted).

Here, the facts are closer to *Edelbacher* than *Phillips*. For one, in *Phillips*, it took five years for the California Supreme Court to reverse the petitioner's death sentence, and then seven years for the trial court to re-impose the death sentence. *Phillips*, 56 F.3d at 1032. Finally, fifteen years after his original conviction, while his second automatic appeal was still pending, the petitioner filed his federal habeas petition. *Id.* Here, there have not been similarly large delays between state court actions. *Cf. Hamilton v. Calderon*, 134 F.3d 938, 939 (9th Cir. 1998) (holding *Phillips* did not apply because there was no "extreme delay" in the pendency of the petitioner's state sentencing proceedings). *See also, e.g.*, *Alvarez v. Barnes*, 2013 WL 3200514, at *3 (C.D. Cal. June 21, 2013) (noting that "[t]here is no indication in the record that the approximate seventeen months during which Petitioner's state appeal has been pending is either unusual or unreasonable so as to warrant immediate federal intervention"). And while the five years Petitioner has waited for his sentence to be finalized is not insignificant, it is only one-third of the delay that was deemed to be "unreasonably long" in *Phillips*.

Furthermore, here—unlike in *Phillips* and like in *Edelbacher*—"there are no 'unusual circumstances' which might suggest that 'no end is in sight' to the state court proceedings." *See id*. at 584. As noted above, the California Court of Appeal has remanded Petitioner's action for a jury trial on the truth of the prior conviction allegations, and there is no reason to believe that his trial will not be promptly held. If his sentence is again enhanced, Petitioner can decide whether or not to appeal. "Assuming he does appeal, he may promptly seek federal habeas review once his 'judgment' is final, *i.e.*, once he has been sentenced and any appeal related to his sentence is appealed." *Machado v. Gibson*, 2012 WL 5878211, at *4 (C.D. Cal. Sept. 12, 2012); *see also Burton v. Stewart*, 549 U.S. 147, 156-57, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA's "limitations period d[oes] not begin until . . . [the petitioner's] conviction *and* sentence 'became final by the conclusion of direct review of the expiration of the time for seeking such review'").

Given the foregoing, the Court declines to depart from the "general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." *Edelbacher*, 160 F.3d at 583. In sum, pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records and files herein, the Magistrate Judge's Report, and Petitioner's objections. The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action without prejudice.

DATED: 8/25/16

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE